ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

MAR 0 3 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAMMI STEPHENS,<br>DAYNNA GREGORY, AND<br>RICHARD CANTRELL | Criminal Indictment<br><br>No. 1:15-CR-067 |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
*(Conspiracy - 18 U.S.C. § 371)*

1. Beginning on a date unknown, but at least by in or about September 2013 to in or about June 2014, in the Northern District of Georgia and elsewhere, the defendants, TAMMI STEPHENS, DAYNNA GREGORY and RICHARD CANTRELL, conspired, agreed and had a tacit understanding with each other to embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of a person other than the rightful owner money, funds, and property with value of at least $5,000 that was owned by, and under the care, custody, and control of the Georgia Department of Corrections ("GDOC"), which is an organization, government, and agency within the meaning of Section 666(d) that received federal benefits in excess of $10,000 in the one-year period beginning September 1, 2013, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## BACKGROUND

2. The GDOC is a state agency charged with administering and operating Georgia's prisons and probation system.

3. The GDOC controls an account called the Probation/Parole Trust that receives court ordered fines, fees, and restitution from probationers and parolees.

4. The GDOC then pays out money in the Probation/Parole Trust to the probationers' and parolees' victims as restitution in the form of bank checks.

5. The Consolidated Banking Unit ("CBU") is the arm of the GDOC responsible for managing the Probation/Parole Trust.

6. Beginning on a date unknown, but at least as early as September 2013, the GDOC employed STEPHENS and GREGORY as an Account Paraprofessional and an Accounting Clerk, respectively, in the CBU's office in Forsyth, Georgia.

7. At no time stated in this Indictment were STEPHENS and GREGORY authorized to issue restitution checks.

8. CANTRELL is the sole proprietor of Seasons Sensations, a flower shop in Marietta, Georgia.

## OBJECTS

9. It was an object of the conspiracy for STEPHENS, GREGORY and CANTRELL to enrich themselves by embezzling, stealing, obtaining by fraud, and otherwise without authority knowingly converting to their own use money, funds and property of the GDOC – that is, by issuing falsified restitution checks drawn on the Probation/Parole Trust and made payable to Seasons Sensations.

## MANNER AND MEANS OF THE CONSPIRACY

10. It was part of the conspiracy that STEPHENS and GREGORY agreed to use their positions within the CBU in order to steal funds set aside for victims in the Probation/Parole Trust by issuing restitution checks to a payee of their own choosing.

11. It was further part of the conspiracy that STEPHENS and GREGORY, in order to disguise their role in the theft, agreed to make the falsified restitution checks payable to Seasons Sensations, a flower shop owned by CANTRELL.

12. It was further part of the conspiracy that CANTRELL agreed to participate in the shared and unlawful plan by accepting the falsified restitution checks that STEPHENS and GREGORY made payable to Seasons Sensations.

13. It was further part of the conspiracy that the falsified restitution checks were deposited by CANTRELL at Bank of America branches and ATMs located in the Northern District of Georgia into an account at that bank ending 7086 and opened on or about October 2012 by CANTRELL, said account bearing the name "DBA Seasons Sensations, Richard Cantrell Sole Prop."

14. It was further part of the conspiracy that after depositing the falsified restitution checks, CANTRELL shared the money stolen from the GDOC with STEPHENS and GREGORY.

## OVERT ACTS

15. In furtherance of the conspiracy, and in order to effect the purposes and objects thereof, the defendants, STEPHENS, GREGORY, and CANTRELL,

3

committed various overt acts and caused various overt acts to be committed in the Northern District of Georgia and elsewhere, including, but not limited to, the following:

16. STEPHENS accessed CBU's electronic recordkeeping system and entered falsified information into that system in order to issue restitution checks STEPHENS made payable to Seasons Sensations.

17. GREGORY removed the falsified checks issued by STEPHENS from the pile of legitimate restitution checks issued by authorized CBU personnel.

18. GREGORY delivered the falsified restitution checks to CANTRELL at various locations in the Northern District of Georgia.

19. CANTRELL deposited the Seasons Sensations restitution checks into an account at Bank of America in the name "DBA Seasons Sensations, Richard Cantrell Sole Prop," an account CANTRELL controlled.

20. CANTRELL withdrew the money acquired from the fraudulent restitution checks and shared the money with STEPHENS and GREGORY.

21. The defendants spent some of the proceeds from the fraudulent restitution checks at big box stores and department stores.

22. GREGORY told STEPHENS to lie to criminal investigators about the defendants' involvement in the scheme.

23. All in violation of Title 18, United States Code, Sections 371 and 666(a)(1)(A).

## COUNTS TWO through EIGHT
*(Theft Concerning Programs Receiving Federal Funds– 18 U.S.C. § 666(a)(1)(A))*

24. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 23 of this Indictment as if fully set forth herein.

25. On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, the defendants, TAMMI STEPHENS, DAYNNA GREGORY and RICHARD CANTRELL, aided and abetted by each other, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of a person other than the rightful owner money, funds and property with value of at least $5,000, to wit: restitution checks payable to Seasons Sensations, issued in the amounts set forth below in Column C, and deposited on or about the dates set forth below in Column D, said money, funds and property being owned by, and under the care, custody, and control of the GDOC, which is an organization, government, and agency within the meaning of Section 666(d) that received federal benefits in excess of $10,000 in the one-year period beginning September 1, 2013:

| A | B | C | D |
|---|---|---|---|
| COUNT | DATE ISSUED | AMOUNT | DATE DEPOSTIED |
| TWO | 9/24/2013 | $ 6,348.00 | 9/24/2013 |
| THREE | 11/26/2013 | $ 5,022.25 | 11/26/2013 |
| FOUR | 12/17/2013 | $ 7,057.33 | 12/18/2013 |
| FIVE | 12/27/2013 | $ 7,963.00 | 12/31/2013 |

5

| SIX | 2/14/2014 | $ 14,084.60 | 2/14/2014 |
| SEVEN | 4/22/2014 | $ 18,326.41 | 4/23/2014 |
| EIGHT | 5/13/2014 | $ 8,598.11 | 5/16/2014 |

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

## FORFEITURE PROVISION

26. As a result of committing one or more offenses alleged in Counts One through Eight of this Indictment, the defendants, TAMMI STEPHENS, DAYNNA GREGORY, and RICHARD CANTRELL, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

27. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek

forfeiture of any other property of said defendants up to the value of the forfeitable property.

A  *TRUE*  BILL

*T. Shelton*
FOREPERSON

JOHN A. HORN
*Acting United States Attorney*

*T.C. Wilmot*
TREVOR C. WILMOT
*Special Assistant United States Attorney*
Georgia Bar No. 936961

KURT R. ERSKINE
*Assistant United States Attorney*
Georgia Bar No. 249953
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

7